```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHARLES HANDY,                     :
                                   :
     Petitioner,                   :
                                   :           PRISONER
v.                                 :   Case No. 3:15cv392 (RNC)
                                   :
UNITED STATES OF AMERICA,          :
                                   :
     Respondent.                   :
```

                          RULING AND ORDER

     Petitioner Charles Handy, a federal inmate, brings this

action pro se under 28 U.S.C. § 2255 challenging his convictions

and sentence on charges of drug conspiracy and distribution.  Mr.

Handy argues that his convictions were imposed in violation of

his Sixth Amendment right to effective assistance of counsel, and

that his sentence of 150 months' imprisonment is not valid in

light of an intervening change in the law.  For reasons that

follow, the petition is denied.

I.   Background

     Mr. Handy was convicted after a jury trial on three counts

of the Superseding Indictment: conspiracy to distribute and to

possess with intent to distribute fifty grams or more of crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

and 846 (Count 2); possession with intent to distribute five

grams or more of crack cocaine, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B) (Count 3); and possession with intent

to distribute crack cocaine, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(C) (Count 5).  The evidence at trial

showed that Mr. Handy was involved in a drug distribution organization led by co-defendant Gavin Hammett. Mr. Handy regularly purchased crack cocaine from Mr. Hammett and was one of Mr. Hammett's largest volume customers. The government's evidence at trial included recorded telephone calls, text messages, the testimony of co-defendant Massiel Vargas (Mr. Hammett's girlfriend) and video surveillance, along with crack cocaine and a digital scale that police had seized from Mr. Handy.

A wiretap investigation conducted from April to May 2010 resulted in 35 recorded calls in which Mr. Handy spoke to Mr. Hammett about obtaining crack cocaine. Mr. Handy typically purchased 28 grams at a time, but by June 2010, he was buying 40 grams per transaction. Ms. Vargas testified that Mr. Handy purchased crack cocaine from Mr. Hammett at least once per week.

In May 2010, after Mr. Handy and co-defendant Frank Green were seen arriving at Ms. Vargas's apartment then leaving in the same car minutes later, police conducted a traffic stop and recovered 26.9 grams of crack cocaine and 3.9 grams of powder cocaine. When Mr. Handy was arrested in June 2010, police seized approximately $1,500 in cash, two cell phones, 3.7 grams of crack cocaine, and a digital scale. A search warrant on one of the phones resulted in several text messages between Mr. Handy and his narcotics customers.

II.  Discussion

Mr. Handy claims that he is entitled to relief under 28 U.S.C. § 2255 because his counsel provided ineffective assistance in failing to renew a motion for acquittal under Federal Rule of Criminal Procedure 29; and because the Court applied incorrect statutory penalties at sentencing.  Neither claim provides a basis for relief.

   A.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668 (1984); Bennett v. United States, 663 F.3d 71, 84-85 (2d Cir. 2011).  This is a "highly demanding" and "rigorous" standard.  Bennett, 663 F.3d at 85.  When evaluating claims of ineffective assistance, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 689).

Mr. Handy's counsel filed a motion for acquittal pursuant to Rule 29 at the close of the government's case.  See 3:10-cr-128(RNC), ECF Nos. 553, 554.  Counsel did not renew this motion

after the close of all evidence or after the verdict was returned.  On direct appeal, the Second Circuit summarily affirmed Mr. Handy's convictions, applying a "plain error or manifest injustice" standard to his sufficiency challenge because the motion for acquittal had not been renewed below.  <u>United States v. Hammett</u>, 555 F. App'x 108, 109 (2d Cir. 2014).

Mr. Handy argues that his counsel's failure to renew the motion constituted ineffective assistance because it resulted in the Court of Appeals applying a less demanding standard of review on direct appeal.  This claim fails both prongs of the standard set forth in <u>Strickland</u>, as counsel's performance was not deficient and petitioner suffered no prejudice.

A defendant's motion for a judgment of acquittal is governed by a "stern" standard that looks to whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>United States v. MacPherson</u>, 424 F.3d 183, 187 (2d Cir. 2005).  The abundant evidence presented against Mr. Handy at trial, viewed most favorably to the government, easily permitted a rational jury to find him guilty beyond a reasonable doubt and, accordingly, a renewal of the Rule 29 motion would have been futile.  Given the weight of the evidence against Mr. Handy, his counsel acted within "the wide range of reasonable professional assistance"

when he did not renew the Rule 29 motion later in the proceedings.  Cohen, 427 F.3d at 167; see also Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (failure to make "meritless argument" does not constitute deficient performance); Baxter v. United States, No. 3:09CV368 SRU, 2010 WL 4823241, at *2 (D. Conn. Nov. 18, 2010) (courts are "reluctant" to require counsel to routinely "file boilerplate motions merely to vindicate their professional competence without regard for the grounds supporting such motions").

    Moreover, Mr. Handy suffered no prejudice as a result of the non-renewal of the motion.  Though the Court of Appeals stated that Mr. Handy's convictions were reviewed under a "plain error or manifest injustice" standard, the summary order goes on to hold that the evidence was sufficient to support the convictions. Hammett, 555 F. App'x at 109.  Specifically, the Court held that "the jury could rationally infer that Handy had a stake in promoting the illegal distribution of crack cocaine" and thereby participated in a drug conspiracy in violation of 21 U.S.C. § 846.  Id.  Similarly, the Court held that it was not "irrational for the jury to find Handy guilty of possession with intent to distribute crack cocaine," in violation of 21 U.S.C. § 841(a)(1). Id. at 110.  In explaining its decision, the Court of Appeals summarized and highlighted the weighty evidence presented by the

government against Mr. Handy.[1]

Given the evidence in the record, Mr. Handy's sufficiency challenge was bound to fail regardless of the standard applied on review.  See United States v. Finley, 245 F.3d 199, 204 (2d Cir. 2001) ("It is true that defense counsel's failure to renew the motion increased [petitioner]'s burden on appellate review of his sufficiency of the evidence claim, but our decision on that issue would have remained the same even if the usual, and less burdensome, standard of review applied."); Hadfield v. United States, 979 F.2d 844, 1992 WL 340307, at *2 (1st Cir. 1992) (counsel's failure to renew motion for acquittal did not prejudice petitioner because evidence "amply supported" petitioner's conviction"); Marte v. United States, No. 3:14-CV-560 (JCH), 2015 WL 778552, at *2 n.1 (D. Conn. Feb. 23, 2015) (no prejudice when counsel failed to renew motion for judgment of acquittal because evidence was sufficient to support conviction); DeGennaro v. United States, No. 2:07-CR-71-FTM-29DNF, 2011 WL 2681462, at *4 (M.D. Fla. July 11,

---

[1] As the Court noted, the evidence permitted the jury to find that "Handy and Hammett were in frequent communication and participated in standardized weekly transactions of large quantities of drugs," Mr. Handy's purchase of 28 grams of crack "was an amount that would be used for resale and not personal use," and when Mr. Handy was arrested, he was "found counting a substantial amount of cash and with a quantity of drugs consistent with drug dealing," along with "a digital scale and two cell phones, which are tools that drug dealers often possess."  Hammett, 555 F. App'x at 109-10.

6

2011) (no ineffective assistance where counsel failed to renew Rule 29 motion because motion "would have been without merit" and "review under a de novo standard would not have changed the result on appeal"). Because Mr. Handy has not shown that he suffered prejudice from defense counsel's failure to renew the motion for acquittal, his ineffective assistance of counsel claim cannot succeed.

    B.   <u>Statutory Penalties</u>

As a second ground for relief under § 2255, Mr. Handy argues that his sentence is not valid in light of the Fair Sentencing Act of 2010. Specifically, he contends that the Court should have applied the drug quantity thresholds that went into effect in 2010. This claim is unavailing because it does not accurately reflect what took place at his sentencing hearing.

At the time of Mr. Handy's sentencing, the government urged the Court to apply the penalties provided by the Fair Sentencing Act, even though Mr. Handy committed his offenses prior to the effective date of the Act. The Court did so. <u>See</u> Sentencing Tr., 3:10-cr-128(RNC), ECF No. 826, at 30-38. This resulted in a statutory mandatory minimum sentence of five years, which was doubled due to the filing of a second offender notice under 21 U.S.C. § 851. Had the Court applied the penalty provisions applicable to Mr. Handy's offense at the time it was committed, he would have been subject to a mandatory minimum sentence of ten

years, which could be doubled to twenty years.  Because Mr. Handy got the benefit of the reduced penalty provided by the Fair Sentencing Act, his claim fails.

III. <u>Certificate of Appealability</u>

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a certificate of appealability will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are adequate to deserve encouragement to proceed further.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Mr. Handy has not made this showing, so a certificate of appealability will not issue.

IV. <u>Conclusion</u>

Accordingly, the petition [ECF No. 1] is hereby denied.  The Clerk may enter judgment and close the case.

So ordered this 9th day of June 2016.

<u>     /s/  RNC          </u>
Robert N. Chatigny
United States District Judge
